**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**JOHN RUNYON,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0638** (BOR Appeal No. 2055243)
(Claim No. 2014000519)

**WISEMAN CONSTRUCTION CO., INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner John Runyon, by counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Wiseman Construction Company, Inc., by counsel Timothy E. Huffman, filed a timely response.

The issue on appeal is whether Mr. Runyon is entitled to the requested medical treatment. The claims administrator denied a request for left elbow decompression and triceps construction with allograft with Achilles in an Order dated May 8, 2017. On February 19, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated July 28, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Runyon, a carpenter, sustained an injury on July 1, 2013, when he fell from a ladder, injuring his left arm in several places. He was treated at Charleston Area Medical Center for left supracondylar humerus fracture. In the course of the claim, he received significant medical treatment, which included six surgeries performed with regard to the left elbow injury. An Operative Report from Thomas Memorial Hospital dated October 1, 2014, indicates left elbow exploration was performed on the nerve with open reduction internal fixation olecranon nonunion and iliac crest bone grafting. A July 22, 2015, Operative Report stated that implants of two K-wires and one AO wire were removed upon procedures of the left elbow to remove hardware and excision of the left bone fracture and advancement of the triceps.

A request was eventually made for Mr. Runyon to undergo a repeat revision procedure involving triceps advancement of the left elbow with Achilles graft bone block. On March 8, 2016, the StreetSelect Grievance Board denied the request, and it was concluded that the denial was premature because additional information was needed to determine the appropriateness of the proposed seventh surgical procedure. On April 22, 2016, Mr. Runyon underwent an orthopedic examination with Christopher C. Schmidt, M.D., for an Independent Medical Evaluation. Dr. Schmidt found that he suffered a comminuted elbow fracture on July 1, 2013, and underwent an open reduction and internal fixation of the left intraarticular distal humerus fracture, osteotomy of left ulnar and open reduction and internal fixation of the olecranon osteotomy. Dr. Schmidt stated that Mr. Runyon had a triceps deficient left elbow. However, Dr. Schmidt stated that he would not advise further surgery on the left arm at this time. Two issues were noted by Dr. Schmidt. One was that Mr. Runyon has a very tight skin sleeve now. The second issue was that he needed a long graft. Because his muscle did not seem like it was contracting on clinical examination, Dr. Schmidt was of the opinion that Mr. Runyon needed a tendon transfer. Dr. Schmidt stated that there was nothing wrong with him choosing a triceps reconstruction, but it should be well thought out. He noted that the surgery would not be simple. Dr. Schmidt stated that at this point in time, he would not recommend any further surgeries.

Tuna Ozyurekoglu, M.D, with Kleinert Kutz & Associates Hand Care Center examined Mr. Runyon on October 5, 2016, for his complaints of limited motion in his left elbow with

burning sensations radiating to his forearm. It was noted that he had multiple attempts of triceps repair and reconstruction, but he has very low quality triceps muscle and scarring to make any use of it. It was stated that a nerve conduction study was needed to evaluate if there was a nerve issue. Although it was found that Mr. Runyon has continued pain and issues in ulnar nerve distribution, Dr. Ozyurekoglu stated, "I do not think he is a candidate for triceps reconstruction or biceps tendon transfer at this point. He might benefit from ulnar nerve anterior transposition though."

Mr. Runyon was seen by William McCormick, M.D., on March 7, 2017. Dr. McCormick stated that Mr. Runyon continued to have weakness in extension and also numbness in the medial two fingers of the hand, which was worse with prolonged flexion of the elbow. Dr. McCormick's assessment was cubital tunnel syndrome, left triceps discontinuity, and ulnar nerve entrapment. On the basis of his examination, Dr. McCormick requested authorization for left elbow decompression and triceps reconstruction with allograft with Achilles. A Physician's Review Report was prepared by Syam B. Stoll, M.D., at the request of the claims administrator in consideration for the request for surgery. In his report dated March 20, 2017, Dr. Stoll stated that he reviewed the medical records and determined that the authorization request should not be recommended for payment because Mr. Runyon had undergone two evaluations and obtained consultative opinions from different orthopedic hand surgeons with neither recommending further surgery. Dr. Stoll noted that he was seen by Dr. Ozyurekoglu, who opined that Mr. Runyon was not a candidate for triceps reconstruction or biceps tendon transfer. Dr. Stoll further noted that Dr. Schmidt considered the number of procedures in the claim and would not recommend any further surgeries at the time of his evaluation on April 22, 2016.

On April 25, 2017, the StreetSelect Grievance Board determined that the denial of left elbow decompression and triceps reconstruction was appropriate and should be affirmed. Thereafter, by Order dated May 8, 2017, the claims administrator denied the requested authorization. Mr. Runyon protested the claims administrator's decision.

In a report dated November 27, 2017, Prasadarao B. Mukkamala, M.D., diagnosed Mr. Runyon with fracture of the left distal humerus, which has been treated with multiple surgical procedures, and triceps deficiency. Dr. Mukkamala concluded that he had reached maximum medical improvement with 19% whole person impairment for the compensable injuries in the claim. By Order of the claims administrator dated June 21, 2018, Mr. Runyon was granted a 19% permanent partial disability award based on the report of Dr. Mukkamala. It was stated in the Order that a 4% award had already been granted prior to this award, which was deducted, leaving 15% permanent partial disability.

Mr. Runyon was evaluated by Bruce A. Guberman, M.D., on September 7, 2018. Dr. Guberman stated in his summary that Mr. Runyon underwent a total of five different operations and extensive therapy to treat the injuries to the left elbow with fractures to the distal humerus and olecranon; however, his symptoms persist. Dr. Guberman found range of motion abnormalities of the left shoulder due to the injury and also weakness of the left shoulder and left arm with signs and symptoms consistent with left ulnar neuropathy. Dr. Guberman opined that Mr. Runyon reached his maximum medical improvement with 25% whole person impairment for

the injuries in the claim, and stated that no further specific treatment and/or diagnostic testing was likely to improve his impairment.

Mr. Runyon's deposition testimony was taken on November 7, 2018. He testified that he struck his elbow and hit the concrete floor with full force when he fell. As a result, his tendon would not stay attached to the bone due to so much bone loss, and he testified that it keeps coming loose. Regarding future surgeries and procedures, Mr. Runyon stated that Dr. Ozyurekoglu was leaning towards surgically altering the placement of his biceps so he would have some use of his arm. He testified that he has not treated with any other physician since Dr. McCormick moved away, and he is now in the process of trying to find a new doctor. He stated that he has not worked since the date of injury.

On October 28, 2019, Mr. Runyon was evaluated by Christopher Martin, M.D., and found to have 15% whole person impairment for his injuries in the claim. Dr. Martin stated that he did not believe any additional surgery was indicated in the claim and that the reasons for this are well documented in the report of Dr. Schmidt dated April 22, 2016. Dr. Martin further stated that he asked Mr. Runyon specifically about his wishes regarding surgery and that it is clear that he does not wish to have any surgery involving transplantation of muscle tissue. Dr. Martin further added that Dr. Guberman determined that Mr. Runyon was at maximum medical improvement, indicating that all independent medical evaluators were in agreement that no further surgery was necessary in the claim.

On February 19, 2020, the Office of Judges affirmed the claims administrator's May 8, 2017, Order denying the request for left elbow decompression and triceps reconstruction with allograft with Achilles. The Office of Judges determined that Mr. Runyon failed to show that his request for treatment is medically necessary and reasonably required to treat his compensable condition in the claim. The Office of Judges noted that multiple physicians expressed opinions regarding the requested surgery and have raised doubt as to whether such surgery would be successful given the significant amount of treatment that he has undergone. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 28, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. The record shows that neither Dr. Schmidt nor Dr. Ozyurekoglu thought that Mr. Runyon was a candidate for triceps reconstruction or biceps tendon transfer at this point. Also, Dr. Martin did not recommend surgery as he did not believe that Mr. Runyon would benefit from such treatment. Based upon a preponderance of the evidence, Mr. Runyon has failed to show that the requested surgery is medically necessary and reasonably required treatment for his compensable condition in this claim.

Affirmed.

**ISSUED: January 11, 2022**

**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton